[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Pearl-Main moves to dismiss the instant action on the ground that Conn. Gen. Stat. 47-258 does not apply but rather47-77 is controlling. Pearl-Main argues that no perfected lien exists upon which plaintiff can foreclose and therefore, the court lacks subject matter jurisdiction.
Conn. Gen. Stat. 47-258 provides in pertinent part that "[t]he association has a statutory lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes delinquent."
The applicability of the Common Interest Ownership Act, of which 47-258 is a part, is governed by Conn. Gen. Stat.47-214. Conn. Gen. Stat. 47-214 provides that the Common Interest Ownership Act applies "to all common interests communities created within this state on or after January 1, CT Page 364 1984." Pursuant to Conn. Gen. Stat. 47-216, section 47-258
applies to "all common interest communities created in this state before January 1, 1984 but . . .only with respect to events and circumstances occurring after January 1, 1984. . . ." "Recording of the declaration constitutes record notice and perfection of the lien." Conn. Gen. Stat. 47-258 (d). Declaration is defined as "any instruments, however denominated, that create a common interest community, including any amendments to those instruments.' Conn. Gen. Stat. 47-202 (13), "A lien for unpaid assessments is extinguished unless proceedings to enforce the lien are instituted within two years after the full amount of the assessments become due. Conn. Gen. Stat. 47-258 (e).
 [D]etermining the extent of an association's lien at any given time is not merely a matter of going back two years and disregarding any earlier unpaid monthly charges. The lien's duration is based on the assessment, not on the dates of the assessment's payment. In actuality, the association may have lien rights with respect to assessments representing considerably more than two years' worth of common charges. . . . To determine the scope of the lien, it is necessary to look at the dates on which the full amount of the assessment became due. . . . [T]he full amount of the assessment is a lien from the date of the first installment by virtue of section 47-258 (a). . . .
D. Caron, Connecticut Foreclosures An Attorney's Manual of Practice and Procedure, 12.02 (2d ed. 1989).
In the second amended complaint dated January 23, 1990, Hayes House alleges that it "is a condominium association 11 existing pursuant to a declaration of Hayes House Condominium recorded in Volume 1843 at page 250 in the Stamford Land Records. . . . . Hayes House also alleges that it claims a lien. . . pursuant to Connecticut General Statutes 47-258."
Hayes House is seeking to foreclose its condominium lien for unpaid common charges, assessments and interest since 1987 pursuant to Conn. Gen. Stat. 47-258. Even though Hayes House was created before 1984, the lien is only for events that occurred after 1984 and therefore, under Conn. Gen. Stat. 47-216
section 47-258 applies to the instant action. In the second amended complaint, Hayes House alleges that it is a condominium association existing pursuant to a declaration that was recorded in the Stamford Land Records. It is found that this allegation complies with Conn. Gen. Stat. 47-258 (d) notice and perfection of the lien requirements and therefore, Hayes House has a valid cause of action for delinquent fees. Accordingly, the motion to dismiss was denied because 47-258 does apply to the alleged CT Page 365 facts and the court has subject matter jurisdiction to hear the case.
KATZ, J.